UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS BRIAN JOHNSON,

    Plaintiff,

    v.     CAUSE NO. 3:24-CV-351-HAB-SLC

TIMOTHY REDDING,

    Defendant.

## OPINION AND ORDER

Thomas Brian Johnson, a prisoner without a lawyer, filed a motion for leave to proceed in forma pauperis. ECF 2. Upon review, Johnson has incurred three or more "strikes" for filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(g). Specifically, court records reflect that he incurred strikes in the following cases:

> (1) *Johnson, et al. v. Bayh, et al.*, cause no. 3:93-CV-652-RLM (N.D. Ind.), complaint dismissed on October 12, 1994, pursuant to Fed. R. Civ. P. 12(b)(6) "for failure to state a claim" upon which relief can be granted. (ECF 52 at 19);

> (2) *Johnson v. South Bend Police Department, et al.*, cause no. 3:96-CV-264-AS (N.D. Ind.), in which Thomas Brian Johnson was denied in forma pauperis status and his complaint was dismissed on April 15, 1996, pursuant to 28 U.S.C. § 1915 because "the allegations fail to present an arguable claim for relief under § 1983" (ECF 2);

> (3) *Johnson v. Ratelle, et al.*, cause no. 3:99-CV-941-JM-JFS (S.D. Cal.), complaint dismissed on July 9, 1999, both because the filing fee was not

paid and because the complaint "fail[ed] to state a claim" pursuant to 28 U.S.C. § 1915A(b)(1) (*see* ECF 5 at 5 & ECF 6 at 2);[1]

(4) *Johnson v. Decker, et al.*, 3:18-CV-026-RLM-MGG (N.D. Ind.), complaint dismissed May 2, 2018, pursuant to 28 U.S.C. § 1915A "because the complaint does not state a claim" (ECF 7).

An inmate who has "struck out" under section 1915(g) "can use the partial prepayment option in §1915(b) only if . . . he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). In order to meet the imminent danger exception, the inmate must complain of a threat that is both "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In plain terms, only "genuine emergencies" involving a serious physical injury will qualify. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his complaint, Johnson alleges Parole Agent Redding forged his signature on a document on October 24, 2023, which waived his rights to a hearing. The Parole Board agreed the signature was forged and was "supported by Parole Hearing dated May 31, 2023." ECF 1 at 2. This claim does not implicate an imminent danger of serious physical injury. Therefore, he may not proceed in forma pauperis and must instead pay the full filing fee of $405 before he can proceed with this lawsuit.

For these reasons, the court:

(1) DENIES Thomas Brian Johnson's motion to proceed in forma pauperis

---

[1] Johnson was also cautioned an amended complaint that still failed to state any claims could be "counted as a 'strike' under 28 U.S.C. § 1915(g)." ECF 5 at 6 & ECF 6 at 2.

(ECF 2);

(2) GRANTS Thomas Brian Johnson until **May 30, 2024**, to pay the $405 filing fee; and

(3) CAUTIONS him if he does not respond by the deadline, this case will be dismissed without prejudice for non-payment of the filing fee.

SO ORDERED on May 3, 2024.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT

3